IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| DENNIS MICHAEL MINTUN, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 07-473-S-EJL |
| | ) | |
| v. | ) | **MEMORANDUM ORDER** |
| | ) | |
| LAWRENCE WASDEN, RANDY BLADES, | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Before the Court in this habeas corpus matter is Respondents' Motion for Partial Summary Dismissal. The Court finds that decisional process will not be aided by oral argument, and it shall resolve this matter on the written record after consideration of the parties' submissions. D. Idaho L. Civ. R. 7.4(d).

Accordingly, the Court enters the following Order granting in part and denying in part Respondents' Motion.

## BACKGROUND

In 2003, the State charged Petitioner with four counts of sexual abuse of a minor under Idaho Code § 18-1506. Counts I-III were based on an incident in which Petitioner directed three boys–two of whom were Petitioner's nephews–to hug and kiss each other while he photographed them. Count IV alleged that on a separate occasion Petitioner solicited one of the boys to photograph him while he masturbated. (State's Lodging A-1, pp.

**MEMORANDUM ORDER - 1**

71-73.)

After a jury trial, Petitioner was convicted on all four counts.  The state district court initially sentenced him to an aggregate term of 40 to 60 years in prison, but later reduced the total term by ordering the 15-year sentence on Count IV to run concurrently to the other three counts.  (State's Lodging A-1, p. 122; A-3, p. 6.)

On direct appeal, Petitioner's counsel argued that the trial court erred by allowing the State's cross-examination of Petitioner to exceed the scope of direct and by admitting into evidence various photographs under Rule 404(b) of the Idaho Rules of Evidence.  Counsel also contended that district court abused its discretion in not reducing the sentences beyond running Count IV concurrent to the other sentences.  (State's Lodging B-6.)

After the State had filed its brief, Petitioner's counsel moved to withdraw, indicating that Petitioner wished to represent himself.  That request was granted, and the Idaho Court of Appeals reset the briefing schedule and ordered Petitioner to file a reply brief.  Petitioner filed a document that he labeled "Answer of Defendant-Appellant," which the Court of Appeals deemed to be his reply brief.  (State's Lodging B-12.)

In its written opinion, the Court of Appeals rejected on the merits the issues that counsel had raised in the opening brief, but it did not address the new issues that Petitioner included in his "Answer," citing Idaho's appellate rule that "new issues may not be raised in appellant's reply brief if not raised in the initial brief."  (State's Lodging B-14, p. 7.)  The Idaho Supreme Court declined to review the case.

Petitioner next filed an application for post-conviction relief in state district court,

**MEMORANDUM ORDER - 2**

raising, among other matters, several claims of ineffective assistance of counsel at trial and on direct appeal. The state district court held an evidentiary hearing, at which trial and appellate counsel testified, and thereafter denied relief. (State's Lodging C-1, pp. 53-71.)

On appeal, Petitioner dropped all claims except his claim of ineffective assistance of appellate counsel. (State's Lodging D-8.) The Idaho Court of Appeals concluded that appellate counsel had been constitutionally ineffective in failing to challenge the sufficiency of the evidence supporting Count IV, but it affirmed all other aspects of the district court's decision. (State's Lodging D-11.) The conviction for Count IV was later vacated. The Idaho Supreme Court denied a petition for review.

On October 31, 2007, Petitioner initiated the present federal habeas action, raising the following eight claims: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; (3) cumulative error resulting in a constitutionally unfair trial; (4) Idaho Code §18-1506 is unconstitutionally vague; (5) "unconstitutionally excessive" sentence; (6) violation of Petitioner's rights under the First Amendment; (7) insufficient evidence to support the verdict; (8) a due process violation because the convictions on Counts I-III were "likely caused" by the evidence admitted to prove Count IV, which was later dismissed.

Respondents have responded to the Petition with a Motion for Partial Summary Dismissal in which they contend that the only constitutional issues that were properly exhausted in state court are contained within portions of Claim 2. Respondents ask that all other claims be dismissed as procedurally defaulted. Petitioner has filed his response to the

**MEMORANDUM ORDER - 3**

Motion, and the Court is now prepared to rule.[1]

## STANDARD OF LAW

A habeas petitioner must exhaust all potential remedies in state court before a federal court can grant relief on a constitutional claim. 28 U.S.C. § 2254(b)(1)(A). To exhaust constitutional claims properly, the petitioner must have "fairly presented" each claim at all levels of the state's appellate review process, giving the state courts a full and fair opportunity to correct the alleged error before the federal court intervenes. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation, and vague references to broad federal constitutional principles, such as due process, equal protection, and the like are insufficient. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (similarity of claims is insufficient); *see also Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (appeal to broad principles insufficient). Instead, the petitioner must alert the state court to the specific constitutional provision that supports his claim, or he must have relied on state or federal cases that apply the federal constitutional rule. *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000);

---

[1] While Respondents request that the Court "dismiss with prejudice Petitioner's ("Mintun") Petition for Writ of Habeas Corpus, with exception of portions of Claim Two," they have not included a discussion of Claims 6-8 in their briefing in support. (Docket No. 9-2, pp. 17-21.)

At any rate, Petitioner includes Claims 6-8 in a section of his Petition labeled "New Claims," and he admits that these claims were not properly exhausted but offers reasons for why this is so. (Docket No. 3, p. 4; Docket No. 12.) The Court now has access to the complete state court record, and it finds that it is in the interests of comity and judicial efficiency to address the procedural issue at this time. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

**MEMORANDUM ORDER - 4**

*Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003).

When a petitioner has not fairly presented a constitutional claim to the state courts, and it is clear that any attempt to do so now would be barred by a state procedural rule that is independent of federal law and adequate to support the state court's judgment, the claim is considered to be procedurally defaulted. *Gray v. Netherland*, 518 U.S. 152, 161 (1996). A federal claim is also defaulted when the petitioner actually attempted to raise it, but the state courts denied or dismissed the claim pursuant to an independent and adequate state rule. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). A procedurally defaulted claim must be dismissed in a federal habeas proceeding, unless the petitioner can establish valid cause for the default and actual prejudice flowing from the constitutional error, or he can show that a fundamental miscarriage of justice has occurred. *Id.* at 750.

## DISCUSSION

Respondents appear to concede that Petitioner has properly exhausted those portions of Claim 2 that encompass essentially the same allegations of ineffective assistance of appellate counsel that he raised during the post-conviction appeal. Therefore, the following allegations of ineffective assistance of appellate counsel will be heard in this proceeding: (1) counsel was ineffective in failing to challenge Idaho Code § 18-1506 as unconstitutionally vague (Claim 2(a)); (2) counsel was ineffective in not arguing that Petitioner's right to confrontation was violated by the admission of certain hearsay statements (Claim 2(a)); and (3) appellate counsel abandoned Petitioner, failed to communicate with him, and withdrew without advising him of the hazards of proceeding *pro se* (Claim 2(c)(d)(g)). No other

**MEMORANDUM ORDER - 5**

allegation in Claim 2 was properly exhausted.[2]

Although Petitioner also raised claims of ineffective assistance of *trial* counsel in the state district court (Claim 1), he did not appeal the denial of relief on those claims. Because he failed to present those issues at each level of Idaho's established review process, they were not fairly presented, *see Baldwin*, 541 U.S. at 29, and because it is too late to do so now, they are procedurally defaulted.

In his third claim for relief, Petitioner contends that a "totality of errors" accumulated to deprive him of his federal constitutional right to due process of law. Petitioner never raised a cumulative error issue based on the Due Process Clause in the state courts, and this claim is procedurally defaulted.

In his fourth claim, Petitioner asserts that Idaho Code § 18-1506 is unconstitutionally vague and overbroad. Regardless whether the substantive claim is procedurally defaulted, which it appears to be, Petitioner renewed the issue indirectly in the post-conviction matter by alleging that his appellate counsel was ineffective in failing to make this argument in his opening brief, and this Court has concluded that the ineffective assistance claim is properly exhausted. As a practical matter, the merits of the underlying claim will likely need to be addressed as a component of the ineffective assistance claim. Additionally, a properly exhausted claim of ineffective assistance of counsel can serve as the "cause and prejudice"

_____

[2] Petitioner's claim that his appellate counsel "failed to raise issues that would have resulted in the dismissal of Count IV" is moot because he received relief on that claim in the state post-conviction appeal.

**MEMORANDUM ORDER - 6**

to excuse the default of another habeas claim. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). For these reasons, Claim 4 will not be dismissed at this time.

In his fifth claim, Petitioner appears to allege that his sentences violate the prohibition on cruel and unusual punishment contained in the Eighth Amendment. Though he included a sentencing claim in his direct appeal, it was not based on the Eighth Amendment, and the federal basis for the claim was not fairly presented and is now procedurally defaulted.

In his sixth claim, Petitioner alleges that his rights under the First Amendment were violated because the prosecution was permitted to question him about his membership in a "lawfully assembled organization," presumably the North American Man-Boy Love Association (NAMBLA), and about his sexual orientation. Although he included a somewhat similar claim in his Answer of Defendant-Appellant, the Court of Appeals refused to address it on procedural grounds. (State's Lodging B-14, p. 7.) More significantly, though, Petitioner did not raise the issue in the Idaho Supreme Court, and it is defaulted in this proceeding.

In his seventh claim, Petitioner challenges the sufficiency of the evidence to support his convictions. This claim is moot as to Count IV, which has been vacated, and it is procedurally defaulted as to Counts I-III because Petitioner has never raised the issue in the Idaho Supreme Court. However, because Petitioner has persistently and forcefully argued that his convictions on Counts I-III are not supported by sufficient evidence, and because the Court finds this argument to be without merit, the claim will be alternatively dismissed on the merits. *See* Rule 4 of the Rules Governing Section 2254 Cases (granting the district court

**MEMORANDUM ORDER - 7**

authority to dismiss petitions or claims that are plainly meritless).

A conviction will be upheld against a due process challenge if, after viewing the evidence in a light most favorable to the prosecution, a reviewing court is able to conclude that any rational finder of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979). Petitioner was charged in Counts I-III with violating Idaho Code §18-1506(b), which makes it a felony for "any person eighteen (18) years of age or older, with the intent to gratify the lust, passions, or sexual desire of the actor, minor child or third party," to "[c]ause or have sexual contact with [a] child [under 16 years of age], not amounting to lewd conduct as defined in section 18-1508, Idaho Code."

Viewing the evidence in a light most favorable to the State, this Court concludes that a rational finder of fact could find that each of the elements had been proven beyond a reasonable doubt. The evidence showed that Petitioner directed the three boys to take their shirts off and to hug and kiss provocatively (which included "French kissing") while he photographed them, which supplies more than enough proof that Petitioner "caused" the boys to have "sexual contact" with each other. Idaho Code § 18-1506(b). Petitioner's intent to gratify his "lust, passions, or sexual desire" can reasonably be inferred from the activity itself in addition to evidence showing that Petitioner moved the boys to a more remote part of his building before photographing them, paid them afterward, and told them not to tell anyone. The intent element is further bolstered by his possession of other suggestive and explicit photographs, his dubious internet activities, and his past association with NAMBLA.

**MEMORANDUM ORDER - 8**

Though Petitioner has insisted that his interaction with the boys was devoid of sexual meaning and intent, the jury did not believe him, and sufficient evidence in the record supports its decision.

In his final claim, Petitioner alleges that his right to due process of law was violated because the evidence supporting his conviction on Count IV "likely caused him to be convicted" of the other three counts.  This argument was never raised in any capacity in the Idaho Supreme Court, and it is now procedurally defaulted.

Petitioner still has an opportunity to avoid dismissal of the procedurally defaulted claims if he can establish valid cause for the default and show actual prejudice as a result of the constitutional error.[3]  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  To show "cause," he must demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue.  *Id.* at 488.  Petitioner argues that his appointed counsel's ineffectiveness was the cause of any default.

Ordinarily, a criminal defendant bears the risk of attorney error, and "[t]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Murray*, 477 U.S. at 486.  Only a violation of the defendant's constitutional right to the effective assistance of counsel will be attributable to the state.  *Id.* at 488-89.  Put another way,

---

[3] Petitioner does not argue that he can show his actual innocence based on new reliable evidence, and that exception will not be addressed.  *See Murray,* 477 U.S. at 495-96.

**MEMORANDUM ORDER - 9**

counsel's failure to preserve a constitutional claim in state court will amount to a valid cause for the default of that claim only when counsel's error is, itself, an independent constitutional violation. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Moreover, the ineffective assistance claim on which the petitioner relies as the alleged cause for the default of another habeas claim must also be free from procedural default. *Id*.

The only portion of Petitioner's claims of ineffective assistance of counsel that is properly exhausted and that implicates the default of another substantive claim is his contention that his counsel was ineffective for failing to challenge the constitutionality of Idaho Code § 18-1506(b) during the direct appeal. The Court has already indicated that it will not summarily dismiss the underlying claim (Claim 4). All other claims of ineffective assistance of counsel either do not relate to another defaulted habeas claim or are themselves procedurally defaulted. Under *Edwards*, these allegations cannot serve as a legitimate cause to excuse the default of other claims.

Based on the foregoing, Respondents' Motion for Partial Summary Dismissal shall be granted in part. The Court will dismiss with prejudice, as procedurally defaulted, Claims 1, 2(b)(e)(f), 3, 5-8. Alternatively, Claim 7 will be dismissed as plainly lacking in merit.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondents' Motion for Partial Summary Dismissal (Docket No. 9) is GRANTED in part and DENIED in part. The following claims are dismissed with prejudice for the reasons given herein: Claims 1, 2 (b)(e)(f), 3, 5, 6, 7, and 8.

**MEMORANDUM ORDER - 10**

IT IS FURTHER ORDERED that Respondents shall file an answer to the non-dismissed habeas claims under Rule 5 of the Rules Governing Section 2254 Cases within 60 days of the date of this Order.  The parties shall file all dispositive motions within 30 days after the answer is filed.  A dispositive motion, such as a motion for summary judgment, shall fully brief all claims on the merits and contain appropriate citations to the record.  Responses shall be due within 30 days after service of motions.  Reply briefs shall be due within 14 days after service of responses.

DATED:  **July 28, 2008**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER - 11**