IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| DENNIS MICHAEL MINTUN, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 07-473-S-EJL |
| | ) | |
| vs. | ) | **MEMORANDUM ORDER** |
| | ) | |
| LAWRENCE WASDEN, RANDY BLADES, | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Pending before the Court in this habeas corpus case is Respondents' Motion for

Summary Judgment (Docket No. 16).  Having fully reviewed the record, including the

state court record, the Court finds oral arguments unnecessary.  Therefore, in the interest

of avoiding further delay, the Court shall decide this matter on the written motions, briefs,

and record without oral argument.  D. Idaho L. Civ. R. 7.1(d).  Accordingly, the Court

enters the following Order granting Respondents' Motion for Summary Judgment.

**MEMORANDUM ORDER - 1**

# I.

## BACKGROUND

On February 20, 2003, an Idaho jury found Dennis Michael Mintun, Petitioner, guilty of four counts of sexual abuse of a child under the age of sixteen years.  Three counts were for sexual contact under Idaho Code § 18-1506(1)(b), and one count was for soliciting under § 18-1506(1)(a).  The state district court sentenced Mintun to a total of 25 years fixed and 20 years indeterminate on the three sexual contact convictions and fifteen years fixed on the soliciting conviction.  The sentences ran consecutively.  The district court then granted Mintun's Rule 35 motion for reduction of sentence, ordering the 15 year soliciting sentence to run concurrently with the third sexual contact sentence of ten years.  (State's Lodging B-14.)

The district court appointed new counsel from the State of Idaho Appellate Public Defender's office, and Mintun appealed.  His counsel filed an appellate brief on December 24, 2003, and an amended brief on February 17, 2004.  (State's Lodging B-1 & B-6.) Unhappy with the issues raised in the brief, Mintun asked for the trial record, so he could request rehearing and represent himself.  (State's Lodging B-9.)  Appellate counsel moved to withdraw.  The Idaho Court of Appeals granted the motion to withdraw on June 9, 2004.  (State's Lodging B-10.)  On July 27, 2004, Mintun filed pro se a reply brief rebutting issues raised in the State's response brief and arguing new issues.  (State's Lodging B-12.)  On September 20, 2004, the Idaho Court of Appeals affirmed his

**MEMORANDUM ORDER - 2**

conviction and refused to consider the issues raised by Mintun for the first time in his reply brief.  (State's Lodging B-14.)  He petitioned for rehearing to argue the issues not raised by his appellate counsel, which was denied.  (State's Lodging B-16 & B-17.) Mintun then petitioned the Idaho Supreme Court for review, which was denied on January 25, 2005.  (State's Lodging B-20.)

Mintun subsequently filed a petition for post-conviction relief, and a hearing was held, where Mintun had the assistance of a third attorney.  The state district court denied all relief.  (State's Lodging C-1, p.71.)  Mintun's fourth attorney brought an appeal to the Idaho Court of Appeals, which dismissed his soliciting conviction for insufficient evidence.  However, the appeal on the ineffective assistance of counsel claims failed. (State's Lodging D-11.)  The Idaho Supreme Court denied Mintun's petition for review on September 19, 2007.  (State's Lodging D-14.)

On October 31, 2007, Mintun filed a petition for a writ of habeas corpus.  (Docket No. 3).  In a July 28, 2008 Order this Court granted in part the Respondents' Motion for Partial Summary Dismissal and dismissed some claims.  (Docket No. 13).  Mintun's remaining claims are:  (2)(c)(d)&(g)[1] ineffective assistance of appellate counsel for abandoning Mintun, failing to communicate with him, and withdrawing without advising him of the hazards of proceeding pro se; (2)(a) ineffective assistance of appellate counsel

---

[1]  This Order labels the claims as they appear in the Petition (Docket No. 3) and July 28, 2008 Order. (Docket No. 13).

**MEMORANDUM ORDER - 3**

for not arguing that Mintun's Confrontation Clause right was violated; (2)(a) ineffective assistance of appellate counsel for failing to challenge Idaho Code § 18-1506(b) as unconstitutionally vague; and (4) Idaho Code § 18-1506(b) is unconstitutionally vague. (Docket No. 13). This Order resolves Respondents' Motion for Summary Judgment on these remaining claims. (Docket No. 16).

## II.

## RESPONDENTS' MOTION FOR SUMMARY JUDGMENT

### A. Standards of Review

1. <u>Summary Judgment</u>

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Federal Rules of Civil Procedure apply to habeas corpus actions, unless application of the rules would be inconsistent with established habeas practice and procedure. Rule 11, Rules Governing Section 2254 Cases.

Mintun was provided with a copy of the Notice to Pro Se Litigants of the Summary Judgment Rule Requirements. (Docket No. 17).

2. <u>Habeas Corpus</u>

The authority of this Court to grant an application for a writ of habeas corpus is statutorily restricted. It is to ensure that state-court convictions are upheld to the extent

**MEMORANDUM ORDER - 4**

possible under the law.  *Bell v. Cone*, 535 U.S. 685, 693 (2002).  A district court can only

grant relief for claims adjudicated on the merits in state court if the claim:

> 1.    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2.    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).  A state decision is "contrary to" federal law if it applies a rule

different from that set out by the Supreme Court or decides a case differently on

indistinguishable facts.  *Bell*, 535 U.S. at 694.  A state decision is an "unreasonable

application" of federal law if it identifies the right rule but applies it in a way that is

objectively unreasonable – not merely different than how a federal court would apply it.

*Id*.  A state court decision cannot be an unreasonable application of federal law if there is

no Supreme Court precedent on the subject.  *Carey v. Musladin*, 549 U.S. 70, 77 (2006).

Additionally, a state court's factual determination is presumed to be correct, unless

a petitioner provides clear and convincing evidence to rebut this presumption.  28 U.S.C. §

2254(e)(1).  Thus, for purposes of a summary judgment motion, there is no genuine issue

of material fact with the state court's findings of fact, unless the petitioner shows with

clear and convincing evidence the state's findings were incorrect.

For a federal court to grant habeas corpus relief the petitioner must first exhaust the

remedies available in state court. 28 U.S.C. § 2254(b)(1)(A).  When a state has an

**MEMORANDUM ORDER - 5**

independent and adequate state law ground for refusing to provide a remedy, such as a statute of limitations, the remedies are exhausted.  There is a procedural default.  The merits of a procedurally defaulted federal claim, however, cannot be heard, unless the petitioner demonstrates (1) cause and prejudice or (2) a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Ineffective assistance of counsel is cause to excuse a procedural default only if the ineffective assistance claim is, itself, not procedurally defaulted.  *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

3.      <u>Ineffective Assistance of Counsel</u>

A person challenging his counsel's performance as constitutionally ineffective must show that: (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  This *Strickland* test also applies to appellate counsel claims based on a person's Fourteenth Amendment rights.  *Smith v. Robbins*, 528 U.S. 259, 276, 285 (2000).

To establish deficiency a petitioner must show that counsel's performance fell below an "objective standard of reasonableness."  *Strickland,* 466 U.S. at 688.  Review of counsel's performance is highly deferential, and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation.  *Id*. at 689.  Further, a person does not have a right to make appellate counsel raise every requested nonfrivolous issue.  *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983).  Part of appellate advocacy is to focus the appeal on the strongest arguments.  *Id*. at 753.  Where there is

**MEMORANDUM ORDER - 6**

only a remote chance of obtaining reversal, appellate counsel is not deficient for failing to argue the claim on appeal. *Miller v. Keeney*, 882 F.2d 1428, 1435 (9th Cir. 1989).

To establish prejudice a petitioner must show "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 693-94. This prejudice component of the *Strickland* test looks at the merits of the argument counsel allegedly should have made to determine if that argument had a chance of changing the result. *Id*. at 699-700. On appeal, a petitioner must show that the claims his attorney failed to raise were clearly stronger than those the attorney argued. *Robbins*, 528 U.S. at 288.

The *Strickland* test is analyzed through the lens of § 2254(d)(1) in habeas corpus cases, not as an alternative analysis. *Bell*, 535 U.S. at 698-99. A petitioner arguing ineffective assistance of counsel in a habeas corpus claim must prove the state court's decision was contrary to or an objectively unreasonable application of *Strickland*.

The *Strickland* presumption that an attorney is effective is inappropriate in three circumstances that undermine the attorney client relationship enough that prejudice almost always exists. *U.S. v. Cronic*, 466 U.S. 648, 658-59 (1984). The *Cronic* exceptions to the *Strickland* analysis apply when: (1) a defendant is completely denied counsel during a critical stage in a proceeding; (2) counsel entirely fails to subject the prosecution's case to meaningful adversarial testing; and (3) the circumstances are such that even a diligent attorney could not be expected to perform effectively because of a conflict of interest or

**MEMORANDUM ORDER - 7**

lack of time to prepare. *Id*. at 659-60. If counsel's conduct fits within a *Cronic* exception then prejudice to the petitioner is presumed. *Bell*, 535 U.S. at 695. For all other circumstances, the deferential *Strickland* test applies. *Cronic*, 466 U.S. at 659 n.26.

**B.     Discussion**

1.      Claim 2(c)(d)&(g): Appellate counsel was ineffective for abandoning Mintun, failing to communicate with him, and withdrawing without advising him of the hazards of self-representation.

Mintun's claim that his appellate counsel was ineffective for abandoning him must be resolved first because it could fall within the first *Cronic* exception to the *Strickland* analysis and constitute reversible error without the need to demonstrate prejudice. The second and third exceptions do not apply.

The second exception only applies "if counsel *entirely* fails to subject the prosecution's case to meaningful adversarial testing." *Bell*, 535 U.S. at 697 (finding counsel's waiver of closing arguments in the penalty phase of a death penalty case to be covered by *Strickland* rather than *Cronic*) (emphasis in original). Here, the attorney subjected the prosecution's case to meaningful adversarial testing by reviewing the trial record, identifying viable issues, and submitting a "competent appellant's brief" to the Idaho Court of Appeals. *Mintun*, 168 P.3d at 44. The third exception applies when a circumstance of representation makes effective representation unlikely, such as a conflict of interests or insufficient time for the attorney to prepare. *Cronic*, 466 U.S. at 660-61

**MEMORANDUM ORDER - 8**

n.28.  Mintun has not raised either of these circumstances or a comparable circumstance, and they do not exist in the record before the Court.

The issue left then is whether Mintun was denied counsel during a critical stage of his proceeding – the first *Cronic* exception.  This requires establishing (1) a denial of counsel (2) during a critical stage.

Mintun argues he was denied counsel because he waived his right to counsel without understanding the dangers and disadvantages of self-representation.  A waiver of the constitutional right to counsel is only valid if it is knowing and intelligent.  *U.S. v. Forrester*, 512 F.3d 500, 509 (9th Cir. 2008). It is knowing and intelligent if the defendant understands (1) the nature of the charges against him; (2) the possible penalties; and (3) the dangers and disadvantages of self-representation.  *U.S. v. Erskine*, 355 F.3d 1161, 1167 (9th Cir. 2004). Where a defendant waives the right to counsel without understanding any of these three aspects there is a denial of a right to counsel.  *Forrester*, 512 F.3d at 507. Even if there is strong evidence of guilt or a lack of merit to a defendant's claims, a denial of the right to counsel at a critical stage is reversible error and not subject to a harmless error analysis.  *Id*. at 508-09.

Mintun did not have counsel's assistance for his reply brief because his April 16, 2004 letter stated: "I have elected to file a petition for a re-hearing, and will operate pro se." (State's Lodging B-9, p.5.)  Based on this letter, his appellate attorney thought Mintun wanted to represent himself and withdrew.  (State's Lodging B-9, p.3.)  There is no

**MEMORANDUM ORDER - 9**

evidence Mintun understood or was warned of the dangers of self-representation, which is necessary for a valid waiver.  Under Idaho Appellate Rule 42, a  rehearing only occurs after the court files its opinion, which occurred here on September 20, 2004.  Since Mintun did not understand the process for obtaining a rehearing, it cannot be assumed he understood the risks of self-representation.  Therefore, the waiver of counsel was invalid and there was a denial of counsel.

Even if there was a denial of counsel, the denial must occur at a critical stage in the proceeding.  Critical stages include:  (1) arraignment, *Hamilton v. Alabama*, 368 U.S. 52, 55 (1961); (2) preliminary hearing, *White v. Maryland*, 373 U.S. 59, 60 (1963); (3) closing arguments, *Herring v. New York*, 422 U.S. 853 (1975); and (4) conviction and sentencing, *Williams v. Kaiser*, 323 U.S. 471 (1945).  *Cronic*, 466 U.S. at 659 n.25.   Additionally, the first appeal as of right is a critical stage because denial of counsel on appeal is reversible error.  *See Douglas v. California*, 372 U.S. 353, 358 (1963).  At issue here is whether a reply brief on direct appeal is a critical stage.

The Supreme Court's rationale in *Herring* is instructive here.  In *Herring*, a New York statute allowed judges in bench trials to dispose of closing arguments.  422 U.S. at 854.  At the conclusion of the defense's case, the attorney requested to summarize the facts.  *Id*. at 856.  The judge denied closing arguments under the statute and found the defendant guilty.  Based on a survey of state law the Supreme Court found defendants had the right to make closing arguments in jury trials.  *Id*. at 858.  The Supreme Court saw this

**MEMORANDUM ORDER - 10**

final opportunity to present the evidence to the fact finder as one of the most important roles of counsel.  *Id*. at 862.  Because the Supreme Court believed judges could benefit from a final effective summary of the case as much as juries the Supreme Court held the right to counsel included the opportunity for counsel to present closing arguments at a bench trial.  *Id*. at 863.  As a caveat, the Supreme Court stated:  "Nothing said in this opinion is to be understood as implying the existence of a constitutional right to oral argument at any other stage of the trial or appellate process."  *Id*. at 863 n.13.

In deciding Mintun's claim on the merits in the post-conviction proceeding, the Idaho Court of Appeals examined whether "the presence of counsel [was] denied altogether at a critical stage."  *Mintun v. Idaho*, 168 P.3d 40, 44 (Idaho App. 2007).  The court found that the appellate counsel, before withdrawing, "had already represented Mintun through all essential steps of the appellate process."  And the court held Mintun was not deprived of counsel at a critical stage.  *Id*.

To succeed in his petition Mintun must establish that this holding was contrary to or an unreasonable application of clearly established Supreme Court precedent.  In this case, Mintun was not denied counsel for the entire appeal process, which is a critical stage. Mintun was denied counsel for the reply brief.  The issue is whether this is a critical stage in the proceeding.  While the *Herring* court emphasized the importance of counsel summarizing arguments, footnote 13 expressly withheld appeals from the scope of the holding.  Also, a reply brief is significantly different from a closing argument at trial.  The

**MEMORANDUM ORDER - 11**

reply brief is optional and meant to contain arguments in rebuttal to the respondent's brief.
Idaho Appellate Rule 35(c). The opening appellate brief contains the issues and
arguments for appeal and is most similar to closing arguments at trial. Idaho Appellate
Rule 35(a). No Supreme Court precedent on point exists. Therefore, Mintun cannot
establish that there is clearly established Supreme Court precedent that the reply brief is a
critical stage. Thus, he cannot establish the Idaho Court of Appeals decision is contrary to
clearly established precedent.

Mintun's remaining alternative is to show that the Idaho Court of Appeals decision
was an unreasonable application of Supreme Court precedent. After the appellate brief is
filed counsel has done almost all that can be done to ensure the client's case is decided on
the law and the facts. In an appeal, counsel needs to review the record, identify viable
issues, and write a persuasive appellate brief to highlight the issues for the court. But after
this point counsel's hands are largely tied because issues not raised in the initial brief
cannot be raised in the reply brief or oral arguments. *Henman v. State*, 966 P.2d 49, 51
(Idaho Ct. App. 1998). Also, there is no right to oral arguments. Idaho Appellate Rule
37(a). Considering these limitations, this Court cannot say the Idaho Court of Appeals
decision was an unreasonable application of the law.

Consequently, *Strickland* is the correct test to evaluate the claims of ineffective
assistance of counsel. Mintun has not alleged prejudice from the appellate counsel
abandoning him, failing to communicate with him, and withdrawing without advising him

**MEMORANDUM ORDER - 12**

of the hazards of self-representation.  Without showing prejudice an ineffective assistance

of counsel claim will fail the second step in the *Strickland* test.  Therefore, Claim

2(c)(d)&(g) shall be dismissed with prejudice.

  2. <u>Claim 2(a): Appellate counsel was ineffective for failing to appeal the
Confrontation Clause violation.</u>

  Mintun claims his appellate counsel was ineffective for failing to argue that his

Confrontation Clause rights were violated.  Mintun chose to waive his Fifth Amendment

right and take the stand at trial.  During direct Mintun testified that his involvement in

North America Man Boy Love Association ("NAMBLA") was primarily to uncover

pedophiles.  He explained that this was initially done by working with the FBI, but the FBI

no longer followed up on his tips.

  On cross-examination the prosecution asked Mintun if he was familiar with a Mr.

Echols, who had a website devoted to attacking NAMBLA.  Then the prosecution asked

Mintun if he was aware of an article on Echols's website about Mintun titled: "Former

child psychologist turned apologist for boy lovers, former child advocate who can no

longer be trusted." (State's Lodging A-5 p. 245.)  Mintun answered: "I don't know when

he posted that.  But knowing him, he could have said a lot of things about me.  He's not

the most reliable character."  At the time of trial Echols was dead.  (Docket No. 18 p.2).

Mintun's trial attorney did not object to this question, and his appellate counsel did not

argue it as grounds for reversal.  *Mintun*, 168 P.3d at 45.

**MEMORANDUM ORDER - 13**

Mintun argues this violated his Confrontation Clause rights and that it could have been argued for the first time on appeal as fundamental error.  The Idaho Court of Appeals rejected Mintun's claim of ineffective assistance of appellate counsel as procedurally defaulted because there had not been an objection to the Echols quote at trial. *Mintun*, 168 P.3d at 46.  Respondents argue the claim was procedurally defaulted and, in the alternative, the statement was not testimonial.

For Mintun to overcome a procedural default he needs to prove cause and prejudice.  To succeed under *Strickland* he must show deficiency and prejudice.  Rather than resolving difficult procedural default issues, this Court will examine the merits of the claim to determine whether there was prejudice under *Strickland*.

The Confrontation Clause of the Sixth Amendment prevents the use in trial of testimonial statements of witnesses absent from trial, unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant.  *Crawford v. Washington*, 541 U.S. 36, 59 (2004). Testimony is "a solemn declaration or affirmation made for the purpose of establishing or proving some fact." *Id*. at 51.  The Confrontation Clause gives a defendant the opportunity to question his accuser or prevent damaging evidence from reaching the jury.

Respondents argue the Echols statement was not testimonial and cite *Davis v. Washington*, 547 U.S. 813, 822 (2006) for the rule that statements are only testimonial when "circumstances surrounding the making of the statement objectively show that the

**MEMORANDUM ORDER - 14**

primary purpose of the interrogation is to gather evidence for use in prosecution." (Docket 16-3 p. 13). *Davis* was focused on examining police interrogation. 547 U.S. at 822 n.1. This is only one type of testimonial evidence the Confrontation Clause is concerned with. *Id*. at 823. Rather than resolving whether *Davis* applies to this case, this Court will assume the Echols quote is testimonial and will resolve the claim on alternative grounds.

A Confrontation Clause violation does not lead to a reversal if it is harmless error. *Delaware v. Van Arsdall*, 475 U.S. 673, 681 (1986). Because of the nature of a Confrontation Clause violation, not allowing a cross-examination, the harmless error analysis requires making assumptions of what could have happened if there was no violation. The analysis assumes the declarant – Echols – could have been and was cross-examined, and from this the defendant realized the full potential benefit. *Id*. at 684. Then the court asks whether the difference in evidence under the hypothetical and the real trial was harmless beyond a reasonable doubt. *Id*. Significant factors in this analysis are: the importance of the declarant's testimony to the prosecution's case; whether the testimony was cumulative; presence or absence of corroborating or contradicting the testimony of the witness; and the overall strength of the prosecution's case. *Id*. If the error is found to be harmless then the lower court's decision is upheld.

In this case, the prosecution needed to establish (1) the defendant caused the victims to have sexual contact with each other or themselves and (2) it was done with the intent to gratify the lust, passions, or sexual desire of the defendant or victims. Idaho

**MEMORANDUM ORDER - 15**

Code § 18-1506(1)(b).  Echols's quote was relevant to whether Mintun had a passion or sexual desire for children.

The error is harmless beyond a reasonable doubt because of the weight of the prosecution's case and the small weight the prosecution gave the quote.  The police recovered photographs from Mintun's computer of two of the victims taken at Mintun's business and the victims' home.  The photos showed the boys in various poses with their shirts pulled up and pants pulled down or both.  The victims did have their underwear on in the photos. (State's Lodging A-5, pp. 98-107.)  Mintun had multiple photographs of other juvenile males posing together naked.  (State's Lodging A-5, pp. 109-12.)  All three of the victims testified that Mintun asked them to take off their shirts or pants and hug or kiss while he took pictures of them.  (State's Lodging A-5, pp. 135-99.)  The only witness Mintun had was himself.  During cross-examination he admitted to writing that a website he hosted "is an organization created by and for people who love the beauty of boys, but want to assure that boys are not harmed in any way" and writing that "we should work with people of all ideals to bring about a better understanding of intergenerational relationships and teen sexuality."  (State's Lodging A-5, pp. 246-48.)  The strength of the prosecution's case and slight influence the Echols quote had is evident from the prosecution not referring back to it in closing arguments.  (State's Lodging D-7.)

Because Mintun would not have benefitted if his counsel did challenge Echols's quote he cannot prove prejudice.  Since the claim could not help Mintun his appellate

counsel was not deficient in failing to argue it and Mintun was not prejudiced by its omission.  This ineffective assistance of counsel claim fails both steps of the *Strickland* test, and Claim 2(a) shall be dismissed with prejudice.

> 3.   Claim 2(a) and 4: Appellate counsel was ineffective for failing to challenge the criminal statute as unconstitutionally vague.

As part of Claim 2(a), Mintun argues that his appellate counsel was ineffective for failing to challenge Idaho Code § 18-1506(1)(b) as unconstitutionally vague.  And in Claim 4 he argues that the statute is unconstitutionally vague.  While Mintun argued the statute is overbroad to this Court, he did not argue it in his petition to the Idaho Supreme Court.  (State's Lodging D-13.)  Thus, it is procedurally defaulted without cause and will not be considered.

The Idaho Court of Appeals ruled the vagueness claim was procedurally defaulted. Mintun's trial counsel did successfully challenge the constitutionality of Idaho Code § 18-1506(1)(c).  The charges based on that paragraph were dismissed.  But the constitutionality of paragraph "b" was never raised at trial.  *Mintun*, 168 P.3d at 47.  Idaho courts do not consider the constitutionality of statutes for the first time on appeal, unless it is necessary for a subsequent proceeding.  *Sanchez v. Arave*, 815 P.2d 1061, 1062 (Idaho 1991).  The Idaho Court of Appeals found the exception to be inapplicable.  *Mintun*, 168 P.3d at 47.

Mintun has likely procedurally defaulted at the trial level on his claim that the statute is vague.  Rather than analyzing whether the ineffective assistance of appellate

**MEMORANDUM ORDER - 17**

counsel helped preserve a procedural default at the trial level or whether a conviction under a vague statute is the same as innocence and a miscarriage of justice, the Court will address whether prejudice exists which is needed to overcome procedural default and the second step of *Strickland*.

Vagueness challenges can succeed only if the statute is impermissibly vague in all of its applications, unless it implicates constitutionally protected conduct. *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 (1982). The statute should be applied to the defendant's conduct to test for vagueness because one who engages in clearly prohibited conduct cannot shift the focus by talking about how the statute is vague for someone else's conduct. *Id*. A conviction must be upheld if the statute is not vague for the defendant's conduct even if it is vague in another setting.

A law is vague if it fails one of two steps. *Id*. at 498 (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108-109 (1972)). First, the law must "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Id*. This prevents vague laws from trapping the innocent through inadequate warning. Second, the law must provide application standards to avoid arbitrary and discriminatory enforcement. *Id*. This is to prevent the legislature from delegating the making of the law to the police, prosecutors, judges, and juries.

The vagueness analysis is case specific. *Id*. Criminal penalties will generally require a higher level of specificity than civil penalties. *Id*. 498-499. A scienter

**MEMORANDUM ORDER - 18**

requirement in a statute, however, can mitigate an otherwise vague statute. *Id*. at 499. A scienter element can substitute for providing the adequate notice to the defendant because it only covers those acting in a culpable manner. *Colautti v. Franklin*, 439 U.S. 379, 395 (1979). A negligence, recklessness, or intentional scienter element assures vague statutes do not trap the innocent. *Id*. A scienter element also helps provide a standard to avoid arbitrary and discriminatory enforcement. *Boyce Motor Lines v. U.S.*, 342 U.S. 337, 332 (1952). Arbitrary enforcement is avoided because it heightens the prosecutions burden in proving the case. *Id*.

The statute that Mintun was convicted under states:

> It is a felony for any person eighteen (18) years of age or older, with the intent to gratify the lust, passions, or sexual desire of the actor, minor or third party, to: Cause or have sexual contact with such minor child, not amounting to lewd conduct as defined in section 18-1508, Idaho Code.

Idaho Code § 18-1506(1)(b). Lewd conduct under Idaho Code § 18-1508 means contact between people of the same or opposite sex that is: genital-genital, oral-genital, anal-genital, oral-anal, manual-anal, or manual-genital. Lewd conduct does not include oral-oral contact. Sexual contact is defined as: "any physical contact between such minor child and any person, which is caused by the actor, or the actor causing such minor child to have self contact." Idaho Code § 18-1506(3).

Mintun was convicted of causing the victims – males under the age of twelve – to kiss each other with the intent of gratifying his sexual desire. Whether or not the statute is vague as to a tap on the shoulder, as Mintun alleges, is not before the Court. (Docket No.

**MEMORANDUM ORDER - 19**

15).  Under *Village of Hoffman Estates*, the question should be whether the statute gives

fair warning that kissing is regulated.  If a person of ordinary intelligence was given the

statute she would have a reasonable opportunity to understand that kissing to satisfy a

sexual desire is regulated.  It is "sexual contact" under the statute because it is a form of

physical contact.  Oral-oral contact is not lewd conduct, so it is not subject to the

exception.  Kissing is also more obviously covered by this statute than a tap on the

shoulder because of its role in foreplay and demonstrating sexual attraction.

    Mintun's argument would be stronger if the statute only regulated contact.  This is

because many forms of kissing have no sexual connotations, such as grandchildren giving

their grandparents a kiss goodbye.  The statute, however, only prohibits kissing if done

with the intent to satisfy a sexual desire.  Substantial evidence was presented to the jury

that the kissing was done with the intent to satisfy Mintun's sexual desire, including

pictures of nude boys posing together and Mintun's own testimony about his attraction for

boys.  This element of scienter saves the statute from a vagueness challenge because a

person should know it is prohibited.  Further, all three of the victims testified that Mintun

understood his actions were prohibited when after the kissing he told the victims:

"Whatever happens here stays here." (State's Lodging A-5, pp. 152, 171, 190.)

    Because the statute is not vague, Mintun's argument that his appellate counsel was

ineffective for failing to argue vagueness loses its merit.  The trial judge in the post-

conviction proceeding determined the appellate counsel "researched the statute and case

**MEMORANDUM ORDER - 20**

law and subsequently determined there was no merit to a constitutional challenge of the statute." (State's Lodging C-1, p. 65.) Considering his counsel researched this claim and found it to be without merit and that the statute is not vague, Mintun fails to establish either that counsel's performance was deficient or that the performance prejudiced him. With neither of the two necessary steps in the *Strickland* analysis proven Mintun's ineffective assistance of counsel claim fails.

Federal habeas corpus relief under Claim 4 for vagueness or Claim 2(a) for ineffective assistance of counsel is not warranted and they shall be dismissed with prejudice.

## III.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondents' Motion for Summary Judgment (Docket No. 16) is GRANTED. Petitioner's claims for habeas corpus relief are DENIED with prejudice.

DATED: **March 4, 2009**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER - 21**